UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZINA ROBINSON | * | CIVIL ACTION |
| VERSUS | * | NO. 05-1600 |
| THAT ENTITY DOING BUSINESS AS | * | SECTION "B" |
| RYAN's FAMILY STEAK HOUSE | | |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand this case to the 24th Judicial District Court for the Parish of Jefferson. (Rec. Doc. No. 5). For the following reasons, the Motion to Remand will be **GRANTED PROVIDED**, **no later than March 3, 2006**, Plaintiff files an affidavit to clarify her vague petition for damages. If basis for asserting same, the affidavit should state that her damage claims are below $75,000 and that she would not seek a court award above that amount. Failing that, the motion to remand will be **DENIED**.

### BACKGROUND

Plaintiff, Zina Robinson, a Louisiana domiciliary, filed suit in the 24th Judicial District Court for the Parish of Jefferson, Louisiana against Defendant, That Entity Doing Business as Ryan's Family Steak House ("Ryan's"), a South Carolina corporation authorized and doing business in the Parish of Jefferson, for injuries she allegedly sustained on Defendant's premises. Plaintiff averred that, on or about March 28, 2004, she

1

was dining at a Ryan's restaurant in Marrero, Louisiana and bit into a piece of glass in the food she was served by Defendant. On April 26, 2005, Defendant removed the action to this Court on the basis of diversity jurisdiction under Title 28, United States Code, Section 1332 and amount in controversy. (Rec. Doc. No. 1). On June 15, 2005, Plaintiff filed the instant Motion to Remand in which she asserts that the amount of her claim does not meet the jurisdictional amount requirement of a sum in excess of $75,000.00, exclusive of interest and costs. (Rec. Doc. No. 5). Defendant opposes removal, arguing that the amount in controversy requirement is "facially apparent" due to the damages Plaintiff seeks. (Rec. Doc. No. 4).

**LAW AND ANALYSIS**

**A. Standard for Remand**

A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Here, Defendant asserted federal subject matter jurisdiction and removed this case on the basis of diversity of citizenship and an amount in controversy in excess of $75,000. See 28 U.S.C. §§ 1441(b), 1332.

The removing party bears the burden of establishing federal jurisdiction. St. Paul Reinsurance Company, Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). The jurisdictional facts supporting removal are examined as of the time of removal. See

Association Nacional de Pescardores a Pequena Escala o
Artesanales de Columbia v. Dow Quimica de Colombia S.A., 988 F.2d
559, 565 (5th Cir. 1993) (hereinafter "ANPAC"). Nevertheless, the
case must be remanded to state court "if at any time before final
judgment it appears that the district court lacks subject matter
jurisdiction." 28 U.S.C. § 1447©).

The Louisiana Code of Civil Procedure prohibits a plaintiff
from specifying a monetary demand in his or her petition.  La.
C.C.P. Art 893(A)(1).[1] "[W]hen  a complaint does not allege a
specific amount in damages, the party invoking jurisdiction must
prove by a preponderance of the evidence that the amount in
controversy exceeds the jurisdictional amount." St. Paul
Reinsurance Co., 134 F.3d at 1253 (articulating standard of more
likely than not that the amount of the claim will exceed the
jurisdictional amount). See also De Aguilar v. Doeing Co., 47

---

[1] Louisiana Code of Criminal Procedure Article 893(A)(1) (2005)
provides:

No specific monetary amount of damages shall be included in
the allegations or prayer for relief of any original,
amended, or incidental demand. The prayer for relief shall
be for such damages as are reasonable in the premises except
that if a specific amount of damages is necessary to
establish the jurisdiction of the court, the right to a jury
trial, the lack of jurisdiction of federal courts due to
insufficiency of damages, or for other purposes, a general
allegation that the claim exceeds or is less than the
requisite amount is required. By interrogatory, an opposing
party may seek specification of the amount sought as
damages, and the response may thereafter be supplemented as
appropriate.

(emphasis added).

3

F.3d 1404, 1412 (5th Cir. 1995).

Determining the amount in controversy is a two-step process: first the complaint is examined to determine whether it is "facially apparent" that the claim exceeds the jurisdictional amount. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). Second, if the amount is not facially apparent, the court may rely on "summary judgment-type" evidence to determine the amount in controversy. See De Aquilar, 47 F.3d at 1412. Once a defendant shows that the amount in controversy exceeds $75,000, the burden shifts to the plaintiff to show that she will not be able to recover more than the amount claimed in the state court complaint. See id. at 1411-12.

In ANPAC, the Fifth Circuit identified the following circumstances where the removing party fails to satisfy its burden of showing that removal is appropriate:

> (1) the complaint did not specify an amount of damages, and it is not otherwise facially apparent that the damages sought or incurred were likely above [$75,000]; (2) the defendants offered only conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims; and (3) the plaintiff timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

988 F.2d at 566. Plaintiffs' sworn affidavits may not defeat removal by subsequently changing a damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached. Id. at 565 (citing St. Paul Mercury, 303 U.S. at 292).

4

However, courts may unequivocally consider "affidavits [to] clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal." Id. (emphasis in original). On the other hand, courts may not consider affidavits if the plaintiff "seeks to reduce, rather than clarify, his demand after removal." Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993).

**B. Not Facially Apparent**

To meet the burden of proving federal jurisdiction, the Defendant must prove an amount in controversy in excess of $75,000. See Allen, 63, F.3d 1326. The Court must first looks to the face of the complaint. Pursuant to Louisiana law, the Complaint does not allege a specific amount of damages. (Rec. Doc. No. 5 at Ex. A). Here, Plaintiff's Complaint describes the injuries she allegedly sustained when she bit into a piece of glass. More precisely, the petition states that Plaintiff has suffered:

> severe personal injuries, including damage to her teeth and other parts of her body, causing severe physical pain, keen mental anguish, emotional distress and depression; she has required dental examination, treatment and care as a direct result of her injuries suffered; she has been disabled and handicapped in her everyday activities; she has incurred dental and miscellaneous expenses; she has suffered nervous shock and other injuries to the nervous system and psyche; she may require further dental treatment; her other suffering and damages are continuing and will extend into

5

the future; the full sequela and residual conditions from
all of this are presently unknown but likely will be severe
and probably are permanent; and any other injuries to her
body and mind as may become known or manifest themselves
between the date of filing of this petition and the date of
trial of this case[.]

(Petition, Rec. Doc. No. 5, Ex "A"). Plaintiff does not, however,

allege that her injuries required surgery or hospitalization.

In support of removal, Defendant avers that the amount in

controversy exceeds the jurisdictional requirement due to the

Plaintiff's claims of future losses and disability. (Rec. Doc.

No. 4 at 2). The Defendant fails to refer the Court to any

specific cases to support this position. Nevertheless, review of

the law produced examples where the absence or presence of claims

of future medical costs and lost wages have proven dispositive to

the a court's decision to remand. See, e.g., Tauzier v. Dodge,

1998 U.S. Dist. LEXIS 6462, 1998 WL 227170 at *2 (E.D.La. May 5,

1998)(denying remand where injuries included broken ribs,

punctured lung, and ruptured breast implant); Johnson v. Sullivan

Transfer Co., 1997 U.S. Dist. LEXIS 6791, 1997 WL 256639 at *3

(E.D.La. May 14, 1997) (granting remand where injuries suffered

after forklift rolled over foot of security guard).

Courts have remanded cases in which plaintiffs plead

permanent disability or where injuries required surgery, even

when plaintiffs included claims such as lost wages, medical

expenses, and past and future mental and physical pain and

suffering. <u>See</u> <u>Williams v. Dargins</u>, 1999 U.S. LEXIS 3461, 1999 WL 163431 at *1-2 (E.D. La. Mar. 22, 1999) (claims included past, present and future pain and suffering and mental anguish, physical disability, loss of ability to enjoy life and special damages including medical expenses, lost wages, and loss of earning capacity); <u>McCann v. ADM/Growmark River System, Inc.</u>, 1999 U.S. Dist. LEXIS 7443, 1999 WL 319214 at *1-2 (E.D.La. May 17, 1999) (determining amount in controversy not satisfied where mental anguish, post traumatic headaches, bruises and contusions, and lost wages claimed).

Courts have not upheld removal for "plain vanilla" allegations for injuries, such as broken teeth or fractured bones, that did not require hospitalization or surgery, despite plaintiffs' other claims. <u>C.f.</u> <u>Palmer v. Wal-Mart Stores, Inc.</u>, 1996 U.S. Dist. LEXIS 741, 1996 WL 20862 at *1 (E.D.La. Jan. 17, 1996) (remanding even when plaintiff alleged that she suffered "severe and possibly permanent" injuries, because her allegations were "fairly vanilla" and did not reveal the extent of her injuries); <u>Jeffrey Bronck v. Marriott Hotels, Inc.</u>, 2002 U.S. Dist. LEXIS 24893 (E.D.La. December 30, 2002) (finding amount in controversy was not satisfied despite plaintiff's detailed description of alleged injuries because the injuries were less serious). Despite the Plaintiff's claims of future losses and disability and mental anguish, the Court finds that it is not

facially apparent that the damages sought or incurred were likely above $75,000.

Although Defendant failed to meet the "facially apparent" standard for proving the amount in controversy requirement, Plaintiff's jurisdictional challenge may still be defeated if Defendant can prove the amount requirement through "summary judgment-type" evidence. <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d at 1335. To this end, Defendant has not provided the Court with any letters, statements, affidavits, medical bills, admissions, requests for admissions, depositions, or other "summary judgment" type of evidence.

## C. <u>ANPAC</u> Standard

Defendant further argue this Court should deny remand because at the time the suit was initiated, Plaintiffs did not stipulate an amount in controversy less than $75,000.[2] 988 F.2d at 566. <u>See</u> (Rec. Doc. No. 4 at 3-5). We turn to the <u>ANPAC</u> three-steps analysis for circumstances where the removing party fails to satisfy its burden of showing that removal is appropriate.

The first ANPAC requirement is that the complaint did not

---

[2] In support of this proposition, the Defendant submits Exhibits A and B, (Rec. Doc. No. 4), an unpublished district court decision and a minute entry which deny remand. The two cases are not binding on this Court. Moreover, they are readily distinguishable. In the more recent of the two, the Court found that letters containing settlement offers less than $75,000 and a statement of stipulation in plaintiff's brief submitted to the court was not meet the "sworn, unrebutted affidavit" requirement. <u>Nelson v. Family Dollar Stores of Louisiana, Inc., et al.</u>, No. 04-2146, E.D.La. (J. Africk).

specify an amount of damages and the amount in controversy requirement is not facially apparent.  The complaint did not specify an amount of damages. Given the Court's above finding that the amount in controversy is not facially apparent, this step is satisfied.

Second, the Defendant's notice of removal contains only a conclusory statement that the jurisdictional amount is met. Specifically, the Notice of Removal states, "[the Complaint] indicate[s] that damages will exceed the federal jurisdiction amount exclusive of interest and cost. . . ."  (Notice of Removal, Rec. Doc. No. 4, Ex. "A"). Defendant relies on injuries and demands stated in the Complaint and later states, "It is facially apparent that given the nature of the plaintiffs' injuries, that the jurisdictional amount in controversy is met." (Rec. Doc. No. 4 at 5). In Marcel, the Fifth Circuit explained that this requirement was not met when the defendant "provided a detailed explanation of why it was apparent that the claim almost certainly was for well in excess fo the jurisdictional threshold." 5 F.3d 85. Here, Defendant has not done so.

Plaintiff did not offer to stipulate that the damages are less than $75,000. However, this failure should not defeat their motion to remand. See Buchana v. Wal-Mart, Inc., 1999 U.S. Dist. LEXIS 18113 (E.D.La. November 18, 1999) (remanding when no stipulation offered by defendant when amount in controversy was

not "facially apparent"). Some courts have considered failure to stipulate when determining whether the amount in controversy requirement is met. Generally, courts have found that this factor, alone, does not satisfy a defendant's burden. <u>See, e.g.</u>, <u>McBride v. Wal-Mart Stores, Inc.</u>, 1999 Dist. LEXIS 1635, 1999 WL 76427 at *2 (E.D.La. Feb. 5, 1999) (considering the extent of injuries), <u>McLain v. American Internat'l Recovery, Inc.</u>, 1 F.Supp.2d 628, 631 (S.D.Miss. 1998).

New Orleans, Louisiana, this <u>17th</u> day of February, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE